UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSE PALEO et al.,<br><br>    Defendants. | CASE NO. 2:22-cr-00180-LK<br><br>ORDER GRANTING MOTION TO WAIVE PRESENCE |

This matter comes before the Court on the motion of Defendant Maria Rangel Aguilar to waive physical presence at the upcoming in-person hearing on Defendants' motion to continue the trial date. Dkt. No. 204; *see* Dkt. No. 178. The hearing is scheduled for December 7, 2023 at 2:00 p.m. Dkt. No. 183.

Ms. Rangel Aguilar is aware of the motion to continue the trial, has filed a speedy trial waiver in support of the same, and has filed a waiver of presence at the upcoming hearing. Dkt. No. 204 at 1; *see* Dkt. Nos. 202, 205. She is currently released on bond and asks that her physical presence at the hearing be waived "to avoid having to travel from Southern California[.]" Dkt. No. 204 at 1; *see* Dkt. No. 78.

ORDER GRANTING MOTION TO WAIVE PRESENCE - 1

In this particular instance, the Court finds that to the extent Ms. Rangel Aguilar's presence at the continuance motion hearing is necessary, such presence may be waived. *See, e.g.*, *United States v. Gebremedhin*, No. 2:23-cr-00053-RAJ, Dkt. No. 74 (W.D. Wash. June 6, 2023) (granting defendant's motion to waive presence at continuance motion hearing); *United States v. Hernandez*, No. 3:18-cr-05579-RJB, Dkt. No. 393 (W.D. Wash. Jan. 24, 2019) (noting several defendants' presence waived at continuance motion hearing).[1]

Given that Ms. Rangel Aguilar is aware of the motion to continue the trial, has filed a speedy trial waiver in support of the same, and has filed a waiver of presence, the Court GRANTS her motion, Dkt. No. 204, and ORDERS that Ms. Rangel Aguilar is not required to be present at the December 7, 2023 hearing.

Dated this 6th day of December, 2023.

Lauren King
United States District Judge

---

[1] Federal Rule of Criminal Procedure 43(a) states that a defendant "must be present at: (1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing." However, the Court has not identified any authority stating that Rule 43(a) requires a defendant's presence at a hearing on a pretrial motion to continue. *See United States v. Nelson*, No. 17-CR-00533-EMC-1, 2020 WL 3791588, at *4 (N.D. Cal. July 7, 2020) (noting the dearth in Ninth Circuit authority stating that Rule 43 extends to pretrial hearings); *see also* Fed. R. Crim. P. 43 Advisory Committee notes to 1944 amendment (the principle setting forth the defendant's presence at arraignment and trial "does not apply to hearings on motions made prior to or after trial[.]"); *United States v. Gonzales-Flores*, 701 F.3d 112, 119 (4th Cir. 2012).

ORDER GRANTING MOTION TO WAIVE PRESENCE - 2